**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| IN RE:  ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 2924<br>20-MD-2924<br><br>**JUDGE ROBIN L. ROSENBERG**<br>**MAGISTRATE JUDGE BRUCE E. REINHART** |
| _____/ | |
| **THIS DOCUMENT RELATES TO:**<br><u>Lisa and Louis Veillion              </u><br>(Plaintiff Name(s)) | **JURY TRIAL DEMANDED** |

**SHORT-FORM COMPLAINT – VERSION 2**
**(DISMISSALS INCLUDED)**

The Plaintiffs named below, by counsel, file this Short Form Complaint against Defendants named below.  Plaintiffs incorporate by reference the allegations contained in the Amended Master Personal Injury Complaint ("AMPIC") in *In re: Zantac (Ranitidine) Products Liability Litigation*, MDL No. 2924 (S.D. Fla).  Plaintiffs file this Short Form Complaint – Version 2 as permitted by Pretrial Order No. 31 as modified by the Court's Orders regarding motions to dismiss [DE 2532, 2512, 2513, 2515, and 2016].

Plaintiffs select and indicate by completing where requested, the Parties and Causes of Actions specific to this case.  Where certain claims require additional pleading or case specific facts and individual information, Plaintiffs shall add and include them herein.

Plaintiffs, by counsel, allege as follows:

### I.  PARTIES, JURISDICTION, AND VENUE

**A.  PLAINTIFFS**

1. Plaintiffs <u>  Lisa Veillion and Louis Veillion</u>
   ("Plaintiff(s)") brings this action (check the applicable designation):

   ☒   On behalf of herself;

   ☐   In representative capacity as the _____, on behalf of the Injured party, (Injured Party's Name) _____.

2. Injured Party is currently a resident and citizen of <u>Slidell, LA</u> and claims damages as set forth below:

—OR—

Decedent died on (Month, Day, Year) _____. At the time of Decedent's death, Decedent was a resident and citizen of (City, State) _____.

If any party claims loss of consortium,

3. __Louis Veillion__ ("Consortium Plaintiff") alleges damages for loss of consortium.

4. At the time of the filing of this Short Form Complaint, Consortium Plaintiff is a citizen and resident of (City, State) __Slidell, Louisiana__.

5. At the time the alleged injury occurred, Consortium Plaintiff resided in (City, State) __Slidell, Louisiana__.

**B. DEFENDANT(S)**

6. Plaintiffs name the following Defendants from the Master Personal Injury Complaint in this action:

    a. **Brand Manufacturers:**

    Boehringer Ingelheim Pharmaceuticals, Inc.; Sanofi US Services Inc.; Chattem, Inc.; Pfizer, Inc.; and GlaxoSmithKline, LLC

    b. **Generic Manufacturers:**

    c. **Distributors and Repackagers:**

    d. **Retailers:**

    e. **Others Not Named in the AMPIC:**

**C. JURISDICTION AND VENUE**

7. Identify the Federal District Court in which Plaintiffs would have filed this action in the absence of Pretrial Order No. 11 (direct filing) [or, if applicable, the District Court to which their original action was removed]:

    United States District Court for the Eastern District of Louisiana

8. Jurisdiction is proper upon diversity of citizenship.

**II.    PRODUCT USE**

9. The Injured Party used Zantac and/or generic ranitidine: [Check all that apply]

    ☐ By prescription

    ☒ Over the counter

10. The Injured Party used Zantac and/or generic ranitidine from approximately (month/year) January 2014 to December 2017.

### III. PHYSICAL INJURY

11. As a result of the Injured Party's use of the medications specified above, she was diagnosed with the following specific type of cancer (check all that apply):

| Check all that apply | Cancer Type | Approximate Date of Diagnosis |
|---|---|---|
| ☐ | BLADDER CANCER | |
| ☒ | BREAST CANCER | **November 20, 2020** |
| ☐ | COLORECTAL/INTESTINAL CANCER | |
| ☐ | ESOPHAGEAL CANCER | |
| ☐ | GASTRIC CANCER | |
| ☐ | KIDNEY CANCER | |
| ☐ | LIVER CANCER | |
| ☐ | LUNG CANCER | |
| ☐ | PANCREATIC CANCER | |
| ☐ | PROSTATE CANCER | |
| ☐ | OTHER CANCER: | |
| ☐ | DEATH (CAUSED BY CANCER) | |

12. Defendants, by their actions or inactions, proximately caused the injuries to Plaintiffs.

### IV. CAUSES OF ACTION ASSERTED

13. The following Causes of Action asserted in the Amended Master Personal Injury Complaint are asserted against the specified defendants in each class of Defendants enumerated therein, and the allegations with regard thereto are adopted in this Short Form Complaint by reference.

14. By checking the appropriate causes of action below, Plaintiffs assert these causes of action based upon the law and applicable Sub-Counts of the following state:[1]

---

[1] In selecting the relevant states above, Plaintiff reserves all rights to argue choice of law issues at a later time.

Louisiana

| Check all that apply | Count | Cause of Action | States for which the cause of action was asserted in AMPIC |
|---|---|---|---|
| ☒ | I | Strict Products Liability – Failure to Warn through Warnings and Precautions (Against Brand-Name Manufacturer Defendants) | All States and Territories, **Except** DE, IA, MA, NC, PA, and VA |
| ☐ | II | Negligence – Failure to Warn through Warnings and Precautions (Against Brand-Name Manufacturer Defendants) | All States and Territories, **Except** LA, NJ, OH, and WA |
| ☒ | III | Strict Products Liability – Failure to Warn through Proper Expiration Dates (Against Brand-Name and Generic Manufacturer Defendants) | All States and Territories, **Except** DE, IA, MA, NC, PA, and VA |
| ☐ | IV | Negligence – Failure to Warn through Proper Expiration Dates (Against Brand-Name and Generic Manufacturer Defendants) | All States and Territories, **Except** LA, NJ, OH, OK, and WA |
| ☒ | V | Negligence - Failure to Warn Consumers through the FDA (Against Brand-Name and Generic Manufacturer Defendants) | CA, DE, DC, HI, IN, KY, LA, MD, MA, MN, MO, NV, NY, OR, and PA |
| ☒ | VI | Strict Products Liability – Design Defect Due to Warnings and Precautions (Against Brand-Name Manufacturer Defendants) | All States and Territories, **Except** DE, IA, MA, NC, PA, and VA |
| ☒ | VII | Strict Products Liability – Design Defect Due to Improper Expiration Dates (Against Brand-Name and Generic Manufacturer Defendants) | All States and Territories, **Except** DE, IA, MA, NC, PA, and VA |
| ☐ | VIII | Negligent Failure to Test (Against Brand-Name and Generic Manufacturer Defendants) | KS, TX |
| ☒ | IX | Negligent Product Containers: (Against Brand-Name and Generic Manufacturers of pills) | All States and Territories |
| ☒ | X | Negligent Storage and Transportation Outside the Labeled Range (Against All Retailer and Distributor Defendants) | All States and Territories |
| ☒ | XI | Negligent Storage and Transportation Outside the Labeled Range (Against All Brand-Name and Generic Manufacturer Defendants) | All States and Territories |

| | | | |
|---|---|---|---|
| ☐ | XII | Negligent Misrepresentation (Against Brand-Name Manufacturers by Generic Consumers in California) | CA only |
| ☐ | XIII | Reckless Misrepresentation (Against Brand-Name Manufacturers by Generic Consumers in Massachusetts) | MA only |
| ☒ | XIV | Unjust Enrichment (Against All Defendants) | All States and Territories |
| ☒ | XV | Loss of Consortium (Against All Defendants) | All States and Territories |
| ☐ | XVI | Wrongful Death (Against All Defendants) | All States and Territories |
| ☒ | | Other<br>Redhibition: Under Louisiana law, the settler warrants the buyer against redhibitory defects, or vices, in the thing sold. La. C.C. art. 2520. Ranitidine possesses redhibitory defects because the products were not manufactured or marketed in accordance with industry standards and were unreasonably dangerous, as described in the AMPIC. Ranitidine possesses redhibitory defects that render the products useless or so inconvenient that it must be presumed that the buyer would not have bought the products had she known of the defect. Pursuant to La. C.C. art. 2520, Plaintiff is entitled to obtain a rescission of the sale of the products. | |

If Count XV or Count XVI is alleged, additional facts supporting the claim(s):

Redhibition continued: Alternatively, ranitidine possesses redhibitory defects which diminishes the value of the products so that it must be presumed that a buyer would still have bought it but for a lesser price. In this instance, Plaintiffs are entitled to a reduction in the purchase price of the products. As the manufacturer of the products, under Louisiana law, Defendants are deemed to know that ranitidine possessed redhibitory defects. La. C.C. art. 2545. Defendants are a bad faith seller for selling defective products with knowledge of the defects, and thus, are liable to Plaintiffs for the price of the products, with interest from the purchase date, as well as reasonable expenses occasioned by the sale of the products, and attorney's fees. As a result of the redhibitory defects of Defendants' ranitidine, Plaintiffs have suffered damages and harm, including, but not limited to, personal injury, physical pain and suffering, mental anguish, medical expenses, loss of enjoyment of life, increased risk of cancer, ongoing medical monitoring costs, and loss of consortium.

## V.   JURY DEMAND

15. Plaintiffs hereby demand a trial by jury as to all claims in this action.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs have been damaged as a result of Defendants' actions or inactions and demand(s) judgment against Defendants on each of the above-referenced causes of action, jointly and severally to the full extent available in law or equity, as requested in the Amended Master Personal Injury Complaint.

Date: November 16, 2021

*/s/ Claire E. Berg*
M. Palmer Lambert (#33228)
Claire E. Berg (#37029)
GAINSBURGH, BENJAMIN, DAVID, MEUNIER & WARSHAUER L.L.C.
2800 Entergy Centre
1100 Poydras Street
New Orleans, LA 70163
Phone: (504) 521-7643
Fax: (504) 528-9973
plambert@gainsben.com
cberg@gainsben.com

Kara Hadican Samuels (# 29234) (T.A.)
Tiffany A. Morales (#36594)
KARA HADICAN SAMUELS & ASSOCIATES, LLC
4004 Canal Street
New Orleans, Louisiana  70119
Telephone:  (504) 558-9478
Facsimile: (504) 558-9482
kara@karasamuels.com
tiffany@karasamuels.com

*Counsel for Plaintiffs*